Argued March 4, affirmed April 6, 1926.

## MARY E. ODEN v. C. V. ODEN.

(246 Pac. 1116.)

(No Syllabus.)

---

Divorce, 19 C. J., p. 142, n. 52.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Carl E. Wimberly* and *Mr. Dexter Rice.*

For respondent there was a brief and oral argument by *Mr. John T. Long.*

BURNETT, J.—The parties to this case are residents of Douglas County, were married there October 17, 1897, and have had two children, both of whom have passed the age of majority. The wife sues for a divorce on the ground of cruel and inhuman treatment experienced at the hands of the defendant which, she

says, has rendered her life burdensome. She complains that on account of long-continued overbearing conduct, the particulars of which it is not necessary here to detail, she was compelled to leave the defendant in 1921. The answer of the defendant denies all the allegations of the complaint except the residence, marriage and birth of the children. Affirmatively, he charges the plaintiff with purposely deserting him for more than one year against his will, and without his consent. This in turn is traversed by the reply.

There is no dispute about there being certain realty, the title of which is in the name of the defendant.

The Circuit Court heard the testimony and made its decree in favor of the plaintiff, dissolving the marriage contract theretofore existing between the parties and awarding to her one third of the realty and $50 per month as alimony, to be paid by the defendant, together with the costs and disbursements of the suit. The defendant appeals.

The testimony in the case reveals another instance of slow-moving heart tragedy, beginning with small matters of dispute and fault-finding which developed into a steady wearing upon the affections of the plaintiff until it got upon her nerves and rendered her permanently unhappy. Throughout the testimony of the defendant runs a vein indicative of what was the actual fact, as found by the court, that he was continually finding fault unjustly with the plaintiff, and is a clear index of that unhappy state of affairs of which the plaintiff complains. Early in his testimony he admits having called the plaintiff a liar many times, and he reiterates the same on the witness-stand and leaves the impression that he considers her a habitual falsifier.

It is said that one of the most excruciating of the ancient tortures was to fasten the victim so he could not move and then to cause water to drop slowly upon his head from some elevation above. At first, the effect was trifling, but as the process continued, and drop after drop in countless numbers fell upon the same spot on the head, the unfortunate sufferer experienced the most intense agony. The record before us discloses an analogous instance of mental torment inflicted upon the plaintiff through a long course of years. She has been a faithful wife, worked hard, brought up the two children to the age of majority and has done her part in accumulating the property to which the defendant holds title.

To go into detail on these matters of fact would sully the pages of the reports without corresponding benefit to future litigants. The case was heard by a just judge, of many years' experience, who saw and heard the witnesses. We are satisfied that he reached a correct conclusion in dissolving an unhappy matrimonial partnership and winding up its affairs in the manner embodied in the decree.

The same is affirmed.                    AFFIRMED.

McBRIDE, C. J., and RAND and BELT, JJ., concur.